UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ARISTILLE Q. COLLINS | § | |
| | § | |
| V. | § | CASE NO. 1:11-CV-365 |
| | § | |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

# ORDER ADOPTING
# REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration. The magistrate judge submitted a report recommending that the Commissioner's motion to dismiss be granted and that this social security appeal be dismissed for lack of subject matter jurisdiction.

Plaintiff filed 600 pages during the time period allowed for objections to the magistrate judge's Report and Recommendation. The Court accordingly conducted a *de novo* review of these papers, the pleadings, the record, and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b). After consideration, the Court concludes that there are no meritorious objections. The *pro se* plaintiff's "objections" consist of over 600 pages of medical records and records from the underlying administrative proceedings, all of which are already before the Court. The plaintiff makes no argument or written objection specifically addressing any of Judge Giblin's findings or legal conclusions. He fails to point to specific documents within his filing that might alter the magistrate judge's finding that the Court lacks jurisdiction. Therfore, the Court **ORDERS**

that plaintiff's "objections" [Doc. #29] are **OVERRULED.** *See* 28 U.S.C. § 636(b)(1) (court is required to make a *de novo* determination only as to "those portions of the report or specified proposed findings or recommendations to which objection is made.")

Pursuant to the magistrate judge's conclusions, the Court further finds that subject matter jurisdiction is lacking. The Commissioner's motion to dismiss [Doc. #22] is therefore **GRANTED.** This social security appeal is **DISMISSED** in its entirety, with prejudice. The Clerk of Court is directed to **CLOSE** this case. This order serves as a final judgment for appeal purposes.

So **ORDERED** and **SIGNED** this **5** day of **November, 2015.**

_____
Ron Clark, United States District Judge